UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| MARY MORGAN, ET AL. | * | CIVIL ACTION |
|---|---|---|
| | * | |
| VERSUS | * | NO. 10-594 |
| | * | |
| AMERICAN SECURITY INSURANCE COMPANY | * | JUDGE FALLON |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment filed by American Security Insurance Company (Rec. Doc. No. 8). The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is denied.

**I.  BACKGROUND**

This case arises from an insurance dispute between Plaintiffs, Alfred and Mary Morgan, and Defendant American Security Insurance Company ("American Security") over damages caused by a fire to Plaintiffs' residence, located at 8802 Orleans Drive, Baton Rouge, Louisiana, on August 21, 2009. At the time of the incident, Plaintiffs' home was insured by American Security for $100,000.00, at an annual premium of $1,234.80. The policy was issued to First Franklin Loan Services, Plaintiffs' mortgage carrier, and Plaintiffs were additional insureds. Plaintiffs now seek damages resulting from the fire, including increase in monthly mortgage for insurance premiums, attorneys fees, and penalties.

**II.  PENDING MOTIONS**

American Security has now filed a Motion for Summary Judgment (Rec. Doc. No. 8). American Security argues that prior to the fire on August 21, 2009, Plaintiffs' home was

already severely damaged, and, consequently, the residence had no value when the policy was issued.

It is undisputed that prior to 2009, the insureds' home had caught on fire on two separate occasions. First, on March 20, 2007, Plaintiffs' home was damaged by a fire. State Farm Fire and Casualty Company ("State Farm") paid Plaintiffs to rebuild the residence. Plaintiffs' home also caught on fire on September 1, 2008 (the "2008 fire"), and in this instance, State Farm denied coverage on the basis of arson. Plaintiffs' had not repaired the residence from the 2008 fire before the home was again burned in a fire on August 21, 2009 (the "2009 fire"), which is the subject matter of this lawsuit. The home was demolished on February 25, 2010, by the City of Baton Rouge, following a condemnation proceeding.

American Security claims that a real estate appraisal report, written by John Dunaway, indicates that Plaintiffs' residence had lost all its value after the 2008 fire. American Security alleges that the report states that the entire property was worth $124,000.00 prior to the 2008 fire and that following the fire the land value was worth $20,000.00. Mr. Dunaway allegedly opined that given the destruction sustained after the 2008 fire, the "remains would probably require demolition as any structural reconfiguring, rebracing and/or refurbishing would have a considerable affect, or stigma, on its marketability and resulting value."

Plaintiffs counter that American Security mischaracterizes Mr. Dunaway's appraisal. According to Plaintiffs, the appraisal indicated that the value of home was worth $124,000.00 *prior to* the 2008 fire and the 2009 fire. Plaintiffs claim that Mr. Dunaway appraised the market value of the vacant land at $20,000.00 by calculating the value of the lot (estimated at $30,000.00) less demolitions costs and costs to clean the site (estimated at $10,000.00).

2

Plaintiffs also assert that Mr. Dunaway could not have calculated the value of the home after the 2008 fire because the home was demolished prior to the appraisal date.

American Security contends that the property had no value following 2008, because the property was not repaired. Moreover, American Security asserts that Plaintiffs present no evidence that indicates the property had any value at the time of the August 21, 2009, fire. Consequently, American Security claims Plaintiffs' recovery under the policy is limited to the "actual cash value" of the insured home at the time of the loss, or the depreciated value of the dwelling, and in this case, the "actual cash value" was zero.

American Security also argues that Plaintiffs may not see recovery under the policy under the principle of indemnity. Insureds are only meant to be placed in the same position as before they sustained the damage. American Security claims since there is no evidence the home had any value on August 21, 2009, Plaintiffs are not entitled to any recovery

Lastly, American Security claims that Plaintiffs' bad faith claims should be dismissed. American Security argues that a claim under good faith requires that there be a breach of contract or evidence the American Security refused to pay the Plaintiffs' claims in arbitrary or caprious manner, or without probable cause. American Security claims that there were no policy benefits due; thus, there was no breach of contract or requirement to pay.

Plaintiffs counter that American Security acted in an arbitrary and capricious manner in handling the claims at issue. Plaintiffs note specific documents written by American Security personnel that indicate American Security would handle the Plaintiffs' claim through "inventive" means. American Security allegedly intended to refer Plaintiffs to State Farm with the knowledge that State Farm had refused to pay the claim relating to the 2008 fire. Moreover,

American Security allegedly considered the Plaintiffs' policy to be "null and void" and admitted that a policy should not have been written on the house. Plaintiffs assert summary judgment is not appropriate because facts concerning the party's knowledge and good faith are at issue.

American Security responds that there are no good faith issues because American Security did not make any misrepresentation or fail to pay the claim. American Security admits that its employees modified a form "other coverage letter" to fit the present situation. However, American Security asserts that it did not make any misrepresentations to Plaintiffs and that the denial of coverage letter accurately reflected American Security's position that the claim should be denied.

Plaintiffs also argue that summary judgment is not appropriate because there are various legal and factual issues in dispute regarding the extent of damage to Plaintiffs' residence. Plaintiffs allege that American Security did not conduct an independent investigation to determine whether the home had value after the 2008 fire. Further, Plaintiffs argue that American Security cannot assert that the home had no value following the 2008 fire, because American Security issued a $100,000.00 insurance policy on the home after the 2008 fire. By issuing the policy, Plaintiffs assert that American Security valued the property at $100,000 and is liable for the value it placed in its policy. Plaintiffs argue that a reasonably interpretation of the policy exists to indicate that coverage could be afforded.

Plaintiffs also dispute the valuation of the land. Plaintiffs allege that an insurance adjuster employed by American Security was informed by a State Farm adjuster on September 1, 2009, that the actual cash value of the damage to the 2008 fire was $100,722.08. Therefore, Plaintiffs assert that the value of the home on August 21, 2009, was approximately $23,000.00,

reaching that figure by subtracting the value of the damage indicated by State Farm ($100,722.08) from Mr. Dunaway's valuation of the property ($124,000.00). Plaintiffs also contend that American Security was aware the roof of the home was attached after the 2008 fire, which signifies there was some value to the property.

American Security counters that Plaintiffs misrepresent their estimates. American Security asserts that the State Farm's estimated the replacement cost value of the damage of the property to be $105,118.33. American Security argues that even if it were assumed that the property was worth $124,000.00, subtracting the replacement cost value ($105,118.33) against the value of the property would indicate that the property was worth less than the land, which was valued at $20,000.00 by Mr. Dunaway. Consequently, the site had no value after the 2008 fire.

Notably, Plaintiffs argue that American Security is liable to "indemnify or compensate" the Plaintiffs under Louisiana Revised Statute 22:1813(A) for the "total loss" of the property. Since American Security did not indicate a "different method" to compute loss in either the policy or in "any application therefor," Plaintiffs argue they are entitled under the statute for the entire value of the property indicated in the policy.

American Security counters that Louisiana Revised Statute 22:1813(A) is not applicable in this case. American Security argues that the statute only applies where the insurer "places a valuation upon the covered property." American Security asserts that it did not place value on the property because it issued the policy to First Franklin Loan Services, Plaintiffs' mortgage lender, without prior inspection as a forced-placed policy. Moreover, even if American Security "placed a valuation on the covered property," American Security contends

that it indicated a different method of qualifying loss in its policy under "Loss Settlement." Moreover, American Security asserts that the statute only applies when there is a "total loss" of the property, but in this case, the property was already a "total loss" at the time of the 2009 fire.

Moreover, Plaintiffs argue that American Security admitted the Plaintiffs' premium should be returned, but American Security has not returned the money. Plaintiffs contend that American Security will be unjustly enriched by receiving a premium on an insurance policy that American Security claims is void. Plaintiffs assert they have requested a return for their premium in their petition.

American Security responds that the duty to refund the premium is at least premature. Although American Security admits that the insurance premium should be refunded if it was unearned, American Security did not inspect the property before the policy was issued under the terms of its conditions with First Franklin Loan Services. Therefore, American Security assumed the residence was valued properly and the premium was earned. American Security also counters that Plaintiffs' petition does not expressly request that the premium be refunded. Moreover, the American Security asserts that Plaintiffs' claim for refund is not ripe until the court concludes the insured property had not value.

Plaintiffs argue that American Security's motion is premature, because Plaintiff has not been given opportunity to depose American Security's corporate representatives. American Security counters that discovery is not a prerequisite to granting a motion for summary judgment; instead, Plaintiffs' remedy would be to file a motion for continuance under Federal Rule of Civil Procedure 56(f).

## III.     LAW & ANALYSIS

A district court can grant a motion for summary judgment only when the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995) (citing Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50 (internal citations omitted).

**B. Analysis**

There are multiple unsettled facts in this dispute that warrant the denial of summary judgment. *See* Fed.R.Civ.P. 56(a). First, there remain issues of fact in dispute regarding expert opinions. Generally, in order to determine the value of real property, expert testimony is

7

required. *Turner v. Murphy Oil USA, Inc.*, 759 F.Supp. 2d 854, 857 (E.D. La. 2011) (citing *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 651 (5th Cir. 1999)). The trier of fact must assess the credibility and weight of expert testimony. *Lascola v. Schindler Elevator Corp.*, Civil Action No. 08-4802, 2010 WL 971792, at *3 (E.D.La. March 12, 2010). "If a material fact cannot be resolved without making a credibility determination, summary judgment is improper." *Id.* In this case, the parties dispute the analysis of Mr. Dunaway's property appraisal and come to varying conclusions as to the value of Plaintiff's resident following the 2009 fire. Given that such expert opinions are reasonably necessary to determine the valuation of the property, the Court shall not assess the credibility of Mr. Dunaway's property appraisal at the summary judgment stage.

Moreover, a genuine issue exists as to the extent of the policy's coverage. "[S]ummary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded." *Sanchez v. Callegan*, 1999-0137 (La.App. 1 Cir. 2/18/00); 753 So.2d 403, 405. Here, Plaintiffs assert that the policy implies that the American Security valued the property at the liability limits of $100,000.00. American Security counters that any value was presumed under the terms of the forced-placed policy with the Plaintiffs' mortgage lender and Plaintiffs may not recover as additional insureds. This Court finds that there is more than one reasonable interpretation of the policy. Consequently, the Court does not find it appropriate to determine American Security's liability under the policy on a motion for summary judgment.

The Court additionally finds that there are issues of fact as to whether American

8

Security acted in bad faith. Under Louisiana Revised Statue 22:1973, a plaintiff must prove a claim that the insurance company acted in bad faith by demonstrating the insurance company failed to pay a claim "sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." The extent to which an insurer acted in an arbitrary and capricious manner is usually considered to be a question of fact. *Whelan v. State Farm Fire and Cas. Co.*, Civil Action No. 10–1803, 2011 WL 1464209, at * 2 (E.D.La. April 14, 2011). Whereas in this case, the parties disagree whether the insurance company is liable for any of the claim, summary judgment on a bad faith claim is not appropriate. Accordingly, this Court finds that there are genuine issues of fact and American Security is not entitled to a judgment as a matter of law.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment filed by American Security Insurance Company is hereby **DENIED**.

New Orleans, Louisiana, this 27th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE